UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| CHRISTOPHER ROBERTS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 1:10CV152 LMB |
| DONALD CALHOUN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Christopher Roberts (registration no. 1165459), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.88. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.42, and an average monthly balance of $0.90. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.88, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), brings this individual and official capacity suit under 42 U.S.C. § 1983. Named as defendants are Donald Calhoun (Correctional Officer), Johnny Williams (Functional Unit Manager), L. Armstrong (Caseworker), Unknown Seabaugh (same), Eva Buchannon (Lieutenant), Regina Cook (Investigator), Michael Tripp (Correctional Officer), William Dobbs (same), Charles D. Ancell (Manager, Missouri Delta Medical Center), Steve C. Bjelich (Manager, St. Francis Medical Center), Melody Griffin, Charles Reed (Correctional Officer), Richard Trout (same), Michael Vaughn (same), Walter Resonno (same), Gregory Handcocks (same), Ladona Davis (same), Unknown Livesay (same), Unknown Vanover (same), Bill Stange (Assistant Warden), Stephanie Kasting (HSA, SECC Medical Care Center), Bob Rosenfield (Eastern

Region Food Service Coordinator), S. Wright (Correctional Officer), Clifton Cossey (Classification Caseworker), Sherry Dowdy (Functional Unit Manager), Jeff Norman (Acting Warden), Justin Christian (Correctional Officer), and Unknown Vensin (same).

Plaintiff has been incarcerated at SECC since September 2008. Plaintiff alleges that on December 4, 2009, defendants Calhoun and Wright came to his cell for 4:00 p.m. count. Plaintiff says that he had previously filed grievances about Calhoun. Plaintiff claims that Calhoun called him a "rat" and told plaintiff that Calhoun was going to arrange to have plaintiff sexually assaulted, in retaliation for his previous grievances.

Plaintiff says he wrote to defendants Armstrong, Seabaugh, and Williams, telling them of the threat by Calhoun, but these defendants did not respond or intervene.

Plaintiff alleges that during the third week of January 2010 he was raped by another prisoner, who told plaintiff that he had carried out the assault on the request of Calhoun.

The next night, plaintiff requested protective custody. Plaintiff says he refused to talk to anyone except defendant Christian. However, plaintiff claims he was taken to defendant Vensin, who began "harassing" plaintiff as soon as plaintiff told him

what happened. Plaintiff maintains that Vensin promised him that none of Vensin's officers would get into trouble over the incident.

That same night, plaintiff was taken to Missouri Delta Medical Center in Sikeston, Missouri. Plaintiff says he was supposed to be assessed with a rape kit but that it was not performed because the doctor on duty was not authorized to utilize rape kits. Plaintiff claims that defendant Ancell managed the medical center. Plaintiff avers that Missouri Delta Medical Center staff contacted St. Francis Medical center to have him transferred there for a rape kit. Plaintiff maintains that he was not allowed to go to St. Francis because defendant Buchannon insisted he return to SECC. Plaintiff appears to allege that the staff at Missouri Delta Medical Center determined that he had not been raped because there was no physical evidence that plaintiff had struggled.

Plaintiff alleges that defendant Cook investigated the rape and did not bring any charges against Calhoun or the prisoner that assaulted him. Plaintiff states that he wanted to speak off the record to Cook because he did not know who he could trust, but Cook did not allow him to do so.

Plaintiff avers that defendants Tripp and Dobbs warned him that if he said anything about the rape to Cook he would be assaulted again and it would be covered up. Plaintiff also claims that defendants Tripp, Dobbs, and Calhoun labeled him as a "rat" to the entire SECC population.

Plaintiff claims that in June 2010 defendant Reed took his ink pens so that he could not complete legal work and that Reed gave him a regular food tray when he needed a special one. This claim appears to be for retaliation.

Plaintiff says on March 4, 2010, defendant Trout asked plaintiff where his legal papers were. Plaintiff claims Trout told him he would look after the papers for plaintiff while he showered. Plaintiff claims that when he returned to his cell all of his legal papers were crumpled and strewn throughout his cell. Plaintiff also claims that his toothbrush was in the toilet. Plaintiff avers that when he told Trout he was going to file a grievance defendant Vaughn declared that plaintiff was suicidal and had him placed in a strip cell for a week. This claim also appears to be for retaliation.

Plaintiff's remaining claims are that he filed several medical requests because of bowel problems, that someone trashed his mail, and that his grievances were not addressed.

**Discussion**

Plaintiff's claims against defendants Calhoun, Williams, Armstrong, Seabaugh, Tripp, Dobbs, Trout, Vaughn, Reed, Wright, and Vensin in their individual capacities survive review under 28 U.S.C. § 1915(e). As a result, the Court will order the Clerk to serve process on these defendants.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, plaintiff's official capacity claims fail to state a claim upon which relief can be granted.

Defendants allegations against defendants Buchannon, Ancell, and Christian fail to state a claim upon which relief can be granted because they do not rise to the level of a constitutional violation.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Cook, Bjelich, Griffin, Resonno, Handcocks, Davis, Livesay, Vanover, Stange, Clark, Kasting, Rosenfield, Cossey, Dowdy, or Norman were directly involved in or personally responsible for the alleged violations of his constitutional

rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.88 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Calhoun, Williams, Armstrong, Seabaugh, Tripp, Dobbs, Trout, Vaughn, Reed, Wright, and Vensin.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Calhoun, Williams, Armstrong, Seabaugh, Tripp, Dobbs, Trout, Vaughn,

Reed, Wright, and Vensin shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Buchannon, Ancell, Christian, Cook, Bjelich, Griffin, Resonno, Handcocks, Davis, Livesay, Vanover, Stange, Clark, Kasting, Rosenfield, Cossey, Dowdy, or Norman because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend/correct the spelling of defendants' names [Doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of December, 2010.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE