# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10CV152 LMB |
| | ) | |
| DONALD CALHOUN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are various filings from plaintiff, including three requests for appointment of counsel, a motion for transfer to a different correctional institution, a request for an order requiring defendants to provide plaintiff with addresses for additional defendants and a supplemental complaint. For the following reasons, the Court will deny plaintiff's motions for appointment of counsel, and for transfer, without prejudice, and order plaintiff to file an amended complaint on a court form. Plaintiff's requests for an order requiring defendants to provide addresses will also be denied at this time.

**1. Plaintiff's Amended Complaint**

Plaintiff, an inmate at Southeast Correctional Center, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Plaintiff filed his complaint on September 29, 2010, naming twenty-eight (28) individuals as

defendants in this action. The Court reviewed the complaint on December 21, 2010, pursuant to 28 U.S.C. § 1915, and dismissed plaintiff's claims against all but eleven (11) of the defendants, leaving only those claims centering around plaintiff's assertions that defendants had failed to protect him from an attack by another inmate in January of 2010 and retaliated against him for reporting the attack and requesting that it be investigated.

Almost immediately after the partial dismissal of plaintiff's complaint, plaintiff sought to supplement his complaint to add claims against eight (8) additional defendants. Although the Court granted plaintiff's request to amend his complaint, it will now require him to file a <u>complete</u> second amended complaint, on a court-provided form, containing all of the claims against all of the defendants he wishes to name in this action. In other words, plaintiff may not amend his complaint by supplement or interlineation, but must instead, include all of his claims against all of his defendants in one centralized complaint form, as neither the Court nor defendants wish to search through supplemental pleadings in order to piece together plaintiff's claims.

As noted previously, plaintiff must submit his amended complaint on a court-provided form, and it must comply with Federal Rules of Civil Procedure 8 and 10. Rule 8(a) requires that a complaint contain "a short and plain statement of

the claim showing that the pleader is entitled to relief," and ...a demand for judgment for the relief the pleader seeks. Rule 8(d) requires that "[e]ach allegation must be simple, concise, and direct." And Rule 10(b) requires that claims or defenses should be stated in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances.

In addition to the aforementioned, in amending his complaint, plaintiff must clearly state the defendants he is pursuing allegations against, and he must articulate, for each of those defendants, the factual circumstances surrounding their alleged wrongful conduct. Plaintiff's failure to make specific and actionable allegations against any of the defendants will result in their dismissal from this case.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint, and claims that are not re-alleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922 (8th Cir. 2005). If plaintiff fails to file an amended complaint within thirty (30) days of the date of this Order, the Court will dismiss this action without prejudice.

After plaintiff files his amended complaint, the Court will then review it again, pursuant to 28 U.S.C. § 1915, for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

**2.     Plaintiff's Motions for Appointment of Counsel**

Plaintiff has requested counsel in several of his filings before the Court, asserting that he has limited access to legal materials and that this case will require significant research and investigation.

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

As stated now, plaintiff's claims center around an alleged failure to protect him from an attack by another inmate, as well as retaliation for complaining about

the attack and requesting an investigation. In his supplement to his complaint, plaintiff also appears to be describing retaliatory behavior by several correctional officers relating to the conditions of his confinement in a three day window in December of 2010.

After considering these factors and the fact that plaintiff will be required to file an amended complaint, the Court finds that the facts and legal issues involved are not so complicated at this time that the appointment of counsel is warranted. Moreover, until plaintiff files an amended complaint (pursuant to this Court's Order), the Court is unable to ascertain whether plaintiff has presented non-frivolous allegations supporting his prayer for relief. Additionally, plaintiff has not articulated why he believes further investigation will be needed, or what such investigations will entail. In light of the aforementioned, plaintiff's request for counsel will be denied, without prejudice, at this time.

### 3. Plaintiff's Request for a Transfer

Plaintiff seeks an order from this Court requiring newly named defendants Terry Atchison, Walter Resonno, R. Emerson, C. Woolridge, Charlanna Dunn, G. Handcocks, Joseph Clark, and Justin Christian, to "transfer offender/plaintiff Christopher Dune Roberts #1165459, to another Level 5 Institution in the State of

Missouri for the complaints attached in plaintiff's motion for leave to file an amended complaint."

In his supplement to his complaint, plaintiff accuses the newly named defendants of acting in a retaliatory manner by: 1) intentionally "slamming his arm" on one occasion when he reached for food in his food port (Resonno); 2) refusing him medical attention for the "slammed arm" (Emerson); 3) refusing to pass on a grievance "for several days," (Dunn); 4) refusing to fix/clean up noxious substances in the ventilation shaft in plaintiff's cell for three days (Christian and Handcocks); 5) refusing to fix a stopped up sink and toilet for two days (Clark and Atchison); 6) refusing to stop other inmates from making noise to "keep [him] awake" for three days; and 7) verbally threatening to give him unclean water (Christian). Plaintiff asserts that the last of these allegedly retaliatory behaviors occurred at the end of December 2010, and that after that time defendant Christian started "helping him" because plaintiff was working "higher channels" for his claims.

The alleged retaliatory behavior described in plaintiff's motion cannot provide the basis for an injunction/transfer at this juncture. Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F .2d 304 (8th Cir.1971), a "large degree of discretion is vested

in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir.1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir.1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir.1985).

In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir.1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir.1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir.1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on

the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir.1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir.1994).

As grounds for his request for transfer, plaintiff's has pointed to his assertions regarding the retaliatory conduct he was allegedly subjected to in late December of 2010. However, by plaintiff's own allegations, the actions taken against him lasted three days, at most, and culminated with one of the defendants working with him/for him because he was pursuing "higher channels." These assertions cannot form the basis for a transfer to another institution at this time as plaintiff has not outlined a <u>presently existing</u> threat such that he is currently being subjected to irreparable harm or fears of irreparable harm. Moreover, as the Court is requiring plaintiff to file a second amended complaint in this action, it has not yet had the ability to review plaintiff's allegations against the newly designated defendants for frivolity, such that it could ascertain plaintiff's likelihood of success on the merits against these defendants. Given these conditions, the Court will deny plaintiff's request for a transfer at this time, without prejudice.

## 4. Plaintiff's Request for an Order Requiring Defendants to Provide Addresses

Plaintiff seeks an order from this Court requiring the defendant correctional officers to supply him with information to identify defendants Vinson and Wright. As discovery has not yet commenced in this action and plaintiff will be required to file an amended complaint in which he may or may not name these individuals as defendants, the Court declines to enter such an order at this time.

## 5. The Initial Partial Filing Fee

Lastly, plaintiff requests that the Court tell him whether it has received his initial partial filing fee of $1.88. The Court has not yet received plaintiff's initial partial filing fee, but it will provide him with a thirty (30) day extension to provide the filing fee to the Court. If plaintiff fails to pay the filing fee in a timely manner, his lawsuit will be dismissed, without prejudice, pursuant to Fed.R.Civ.P. 41(b), unless plaintiff is able to show good cause why the Court should not do so.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's requests for appointment of counsel are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for transfer/injunction is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's request for an order requiring defendants to provide him with two of the defendants' addresses is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Order, a blank civil complaint form for the filing of a prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that the plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than thirty (30) days of the date of this Order.**

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall pay an **initial partial filing fee of $1.88 within thirty (30) days of the date of this Order**. Plaintiff's failure to do so in a timely manner will result in a dismissal of this action, without prejudice, pursuant to Fed.R.Civ.P. 41(b).

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint and the payment of the initial partial filing fee, this case will be subject to review under 28 U.S.C. § 1915.

Dated this 11th day of March, 2011.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE