UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10CV152 LMB |
| | ) | |
| DONALD CALHOUN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is plaintiff's post-dismissal motion for "preliminary injunction and request for time to file an amended complaint due to plaintiff's indigence." The Court dismissed this prisoner civil rights action on May 2, 2011, pursuant to Fed.R.Civ.P. 41, for plaintiff's failure to pay the initial partial filing fee and file an amended complaint on a court form.

In the motion before the Court, plaintiff seeks to reopen the matter and requests additional time to pay the initial partial filing fee and file an amended complaint, claiming indigence and restrictions on his ability to get legal materials in administrative segregation. After review of plaintiff's motion, the Court will reopen the instant matter and provide plaintiff with an additional thirty (30) days

to pay the initial partial filing fee and file an amended complaint on a court form.[1]

Plaintiff must file his amended complaint on a court-provided form, and it must contain all of the claims against all of the defendants he wishes to name in this action. The amended complaint should comply with Federal Rules of Civil Procedure 8 and 10, setting forth, in short and plain statements and in separately numbered paragraphs, each claim he has against each of the named defendants. The amended complaint, should not, however, be a long recitation of every claim he has ever had against any person at any correctional institution. Rather, it should only include claims that arise from the same transaction or occurrence. See Fed.R.Civ.P. 18 and 20.

Although plaintiff will be given an extension of time to pay his initial partial filing fee and file his amended complaint, the Court declines to enter a preliminary injunction requiring persons at Potosi Correctional Center to provide plaintiff with additional paper and pens at no cost, and to copy and mail legal materials for plaintiff without assessing a fee. The Court also declines, at this

---

[1]Plaintiff asserts that his amended complaint is made up of more than sixty (60) pages, and he claims that the cost to reproduce the complaint is prohibitive. As the Court instructed plaintiff to file his amended complaint on a court form which numbers only six (6) pages, his assertions relating to the cost of reproducing the amended complaint are somewhat misleading. It is doubtful that plaintiff needs to add an additional fifty-four (54) pages to the form complaint in order to completely set forth his assertions. In hopes that plaintiff will be more concise in his amended pleading, the Court will provide him with a new form complaint.

time, to dictate the procedures those at Potosi Correctional Center should use to collect and send legal mail and exactly what types of legal materials should be given to plaintiff during his stay in administrative segregation.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request to reopen this case is **GRANTED**.

**IT IS FURTHER ORDERED** that the Order of Dismissal entered on May 2, 2011 is **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Order, a blank civil complaint form for the filing of a prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that the plaintiff shall file an amended complaint, in accordance with the instructions set forth above and in this Court's March 11, 2011 Memorandum and Order, **no later than thirty (30) days of the date of this Order.**

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall pay an **initial partial filing fee of $1.88 within thirty (30) days of the date of this Order**. Plaintiff's failure to do so in a timely manner will result in a dismissal of this action, without prejudice, pursuant to Fed.R.Civ.P. 41(b).

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint and the payment of the initial partial filing fee, this case will be subject to review under 28 U.S.C. § 1915.

Dated this 11th day of May, 2011.

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE