UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10CV152 LMB |
| | ) | |
| DONALD CALHOUN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is plaintiff's post-dismissal motion to amend his complaint. The Court dismissed this prisoner civil rights action on June 20, 2011, pursuant to Fed.R.Civ.P. 41, for plaintiff's failure to pay the initial partial filing fee.

In the motion before the Court, plaintiff asserts that he has requested that the Missouri Department of Corrections ("MDOC") release funds to pay his filing fee on several different occasions, but that they have refused to comply. Accordingly, plaintiff seeks an order from this Court requiring MDOC to release his funds so that his filing fee can be paid. Plaintiff also seeks a mandatory injunction requiring MDCO to provide him with additional paper and pens at no cost, and to copy and mail legal materials for plaintiff without assessing a fee.[1] In the same motion,

---

[1]Plaintiff has also requested that the Court provide him, at no cost, a copy of all of the documents he has previously filed.

plaintiff also seeks to amend his complaint to bring an access to courts claim against the additional defendants of Troy Steele, Thomas Pearson, William Milam and Thomas Collins. Lastly, plaintiff requests appointment of counsel.

As plaintiff has indicated that he attempted to pay the filing fee in a timely manner, the Court will reopen the present action. The Court will also order MDOC to initiate payment of the filing fee from plaintiff's inmate account.[2] However, the Court declines to enter a preliminary injunction against MDOC requiring it to provide plaintiff with additional paper and pens at no cost, and to copy and mail his legal materials without assessing a fee. The Court also declines plaintiff's request to provide him with a copy of all of the documents he has filed in this action.

Plaintiff's motion to amend his complaint to add additional defendants, as well as an access to courts claim, will be granted. However, the Court will not accept plaintiff's attempts to amend his complaint by interlineation. Rather, plaintiff will be required to file an entirely new complaint, on a court-form, including in it all of the claims he wishes to bring and all of defendants he wishes

---

[2]Under 28 U.S.C. § 1915(b), plaintiff remains obligated to pay the full amount of the filing fee. In order to streamline this process, the Court will order the Clerk of Court to correspond with the Department of Corrections regarding payment of the filing fee.

to sue.  Plaintiff must, however, follow the Court's instructions relating to the filing of his amended complaint, or he will face dismissal of his action, without prejudice.

Plaintiff is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought.  And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff must clearly state all of the defendants which he is pursuing allegations against, and he must articulate, <u>for each of those defendants</u>, the factual circumstances surrounding their alleged wrongful conduct.  Plaintiff's failure to make <u>specific and actionable allegations</u> against any of the defendants will result in their dismissal from this case.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint.  Plaintiff is warned that the filing of the amended complaint **<u>completely replaces</u>** any other previous complaints filed by plaintiff, and claims

that are not re-alleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file the amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

After plaintiff files his amended complaint, the Court will review the pleading pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Lastly, the Court will deny plaintiff's motion for appointment of counsel. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. Moreover, despite plaintiff's assertions regarding his need for counsel, he has been able to prepare and file a myriad of documents on his own behalf. As such, the Court will deny plaintiff's motion for appointment of counsel without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Order of Dismissal entered on June 20, 2011 is **VACATED** and the instant matter is **REOPENED**.

**IT IS FURTHER ORDERED** that in accordance with 28 U.S.C. § 1915(b)(2), the Clerk of Court shall notify the Missouri Department of Corrections that it must forward to the Court payments from plaintiff's prison account until the filing fee is paid in full.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Order, a blank civil complaint form for the filing of a prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than thirty (30) days from the date of this Order**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, it will be subject to review under 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for an injunction and request for copies is **DENIED**.

Dated this 10th day of August, 2011.

/s/ Catherine D. Perry
―――――――――――――――――――
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE